IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM HORSCHAK,

                Plaintiff,

    v.                                                                    OPINION and ORDER

TREMPEALEAU COUNTY, WAYNE DAHL,                        25-cv-429-jdp
TODD ROESSLER, and AUBRA SMEIJA,

                Defendants.

---

I dismissed plaintiff William Horschak's third amended complaint because it failed to state a claim for which I could grant relief, but I allowed Horschak to submit another amended complaint to fix the problems with his claims based on an alleged denial of law enforcement services by Trempealeau County officials. Dkt. 10. In his fourth amended complaint, Horschak alleges that officials in the county sheriff's office refused to dispatch a deputy to him after he reported a crime, in retaliation for his complaints about county officials and his filing an open records lawsuit against the county. Dkt. 11.

To state a First Amendment retaliation claim, Horschak must allege facts plausibly suggesting that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). I conclude that Horschak's complaint fails to adequately plead a First Amendment retaliation claim.

As for the first element, Horschak says that in May 2025, he complained that county officials were unlawfully denying him services because of his disability and he filed an open records lawsuit against the county. I previously concluded that much of the conduct that

Horschak complained about was not in fact unlawful. *See* Dkt. 10. Nevertheless, I will assume that Horschak engaged in at least some protected activity in May 2025. *See Hobgood v. Illinois Gaming Bd.*, 731 F.3d 635, 642 (7th Cir. 2013) (filing a lawsuit against the government is a First Amendment protected activity).

The problem arises with the second and third elements. Horschak says that he suffered a deprivation when he was denied law enforcement services after he called the sheriff's non-emergency line to report "a potential crime by a Trempealeau County employee." Dkt. 11, ¶ 17. The dispatcher, defendant Todd Roessler, initially told him that he would send a deputy. When no deputy arrived, Horschak called again and another dispatcher, defendant Aubrey Smeija, told him that dispatch had "orders" not to send deputies to Horschak. Smeija advised Horschak to contact the county's corporation counsel instead and eventually, she transferred him to the voicemail of defendant Wayne Dahl, the chief deputy sheriff.

If a person with a legitimate need for law enforcement services is denied them, that deprivation could form the basis for a First Amendment retaliation claim. *See Winters v. City of Kenosha*, No. 25-cv-1804, 2026 WL 446349 (E.D. Wis. Feb. 17, 2026) (allowing the plaintiff to proceed on retaliation claim when police, among other things, told her they would not enforce her custody and restraining orders). But the allegations in Horschak's complaint affirmatively demonstrate that he did not have a legitimate need for law enforcement services. He says that he contacted dispatch "to report misconduct by a county employee arising from a prior interaction on May 16, 2025, including false official entries and misuse of law enforcement systems in an official capacity." Dkt. 11, ¶ 28. Horschak doesn't explain further, but based on the allegations in his previous complaints, it is clear that he is referring to county officials accessing his DMV and TIME/NCIC system records, making computer-aided dispatch

2

entries describing him as "very agitated," and creating a "file" about him in preparation for potential litigation. *See* Dkt. 10, at 2–4 (describing Horschak's previous complaints). When I screened the previous complaints, I concluded that none of these actions violated Horschak's rights under federal law or Wisconsin privacy law. *Id.* Horschak says that these were "potential crimes," but I am not aware of any criminal laws covering these actions, and Horschak doesn't identify any either. The denial of law enforcement services that a person doesn't actually need is not a deprivation that would likely deter an ordinary person from engaging in First Amendment protected conduct. Nor is it plausible that the defendants' refusal to dispatch a deputy in response to Horschak's complaints was retaliation as opposed to a legitimate decision not to expend law enforcement resources investigating non-criminal activity.

Horschak's allegations affirmatively establish that he cannot state a claim for First Amendment retaliation based on defendants' denial of law enforcement services. I will dismiss this case without allowing further amendments.

## ORDER

IT IS ORDERED that:

1.  Plaintiff's proposed fourth amended complaint, Dkt. 11, is DISMISSED.

2.  This case is DISMISSED.

3.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered April 24, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3